UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

    Plaintiff,

    v.                                  Case No. 25-cv-1008-bbc

K. ALLEN,

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Syris Birkley, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Birkley's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Birkley has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Birkley has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), from which the Court concludes that he has neither the assets nor the means to pay an initial partial filing fee. Accordingly, the Court will waive his obligation to pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

According to Birkley, on December 9, 2024, Defendant CO K. Allen entered his cell while he was elsewhere for no reason. Birkley explains that, while he was getting ready to pray, she approached him and stated what she had done. Birkley asserts that he asked her to call a supervisor, and she got mad and told him to lock in for no reason. According to Birkley, Allen threatened to lock down the whole pod. She then allegedly went into his cell and dragged out his prayer rug with her dirty shoes. Birkley alleges that she threw the prayer rug down the stairs and threw it in the garbage. According to Birkley, prayer rugs are "very distinct" and Allen knew it was a religious item. Birkley states that she defiled, debased, and desecrated his faith.

According to Birkley, the officers are trained to know that prayer rugs are green and should not be touched. He states that Allen refused to show him the policy authorizing her to remove the prayer rug from his cell. He also states that she did not stomp on or throw away religious items belonging to others of different faiths. Birkley asserts that he suffered extreme emotional distress, and he is afraid to leave his prayer rug in his cell because it might be taken and destroyed. He also states that he fears for his safety among the Christian officers and is afraid to practice his faith openly.

## ANALYSIS

Birkley asserts that his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) were violated by Allen's removal and destruction of his prayer rug. The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). When "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'"

3

*O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). This "reasonableness test" is "less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights," in recognition that "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives." *O'Lone*, 482 U.S. at 349-350 (citations omitted).

RLUIPA offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §2000cc–1(a). RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," § 2000cc–5(7)(A), but "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352 (2015) (citing *Burwell v. Hobby Lobby*, 573 U.S. 682, 717, n. 28 (2014)).

Based on the foregoing legal principles, the Court will allow Birkley to proceed on a First Amendment and RLUIPA claim based on allegations that Allen removed and destroyed his prayer rug. Development of the record may reveal that Allen removed the rug because it did not comply with jail regulations regarding prayer rugs. This inference is supported by the fact that, according to Birkley, he currently possesses a prayer rug. Nevertheless, at this early stage, Birkley's allegations are sufficient to state a claim.

Birkley does not, however, state an equal protection claim based on allegations that Allen destroyed his prayer rug but did not destroy religious items belonging to inmates. "To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated

4

against him because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Birkley alleges that on a single occasion Allen removed a prayer rug from his cell but that, at some point, he was given a new prayer rug. He does not allege that she made any comments suggesting her actions were connected to his faith and he only vaguely speculates that no one of other faiths had religious items removed from their cells. The only reasonable inference from Birkley's complaint is that he alone (among numerous other Muslim inmates) was treated unfairly. Thus, the Court cannot reasonably infer from this single, isolated incident targeted at Birkley that Allen acted with discriminatory intent necessary to state a claim. *See Thomas v. Hill*, 963 F. Supp. 753, 756 (N.D. Ind. 1997) ("Unfair treatment of the plaintiff as an individual does not violate the clause.").

**IT IS THEREFORE ORDERED** that Birkley's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Birkley's complaint and this order are being electronically sent today to Milwaukee County for service on K. Allen.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, K. Allen shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Birkley shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Birkley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount

5

in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Birkley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Birkley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Birkley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on September 9, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge