UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

Plaintiff,

v. Case No. 25-CV-1008

KEAMBRIA ALLEN,

Defendant.

---

**DECISION AND ORDER**

---

Plaintiff Syris T. Birkley is currently housed at the Milwaukee County Jail and representing himself in this 42 U.S.C. § 1983 case. On September 9, 2025, the Court screened Birkley's complaint and allowed him to proceed on claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) based on allegations that Defendant Correctional Officer Keambria Allen removed and destroyed his prayer rug. This matter comes before the Court on CO Allen's motion for summary judgment. For the following reasons, CO Allen's motion for summary judgment will be granted and the case will be dismissed.

**PRELIMINARY MATTERS**

CO Allen asserts that Birkley has failed to comply with the district's local rules governing summary judgment procedures. Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L.R.

56(b)(1). The statement of proposed facts must include numbered paragraphs containing short factual statements and specific references to affidavits, declarations, parts of the record, and other supporting materials. Civil L.R. 56(b)(1)(C).

The party opposing the motion must file a response to the moving party's statement of undisputed facts which is intended to make clear which, if any, of those facts are in dispute, and to set forth any additional facts that bear on the motion. The opposing party's response must reproduce each numbered paragraph of the moving party's statement of facts followed by a response to each paragraph. Civil L.R. 56(b)(2)(B). If the fact is disputed, the party must include a specific reference to an affidavit, declaration, or other parts of the record that supports the claim that a genuine dispute exists as to the fact stated by the moving party. *Id.* If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion. Civil L.R. 56(b)(2)(B)(ii).

CO Allen, as required by the local rules, included copies of Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 along with the motion for summary judgment. (*See* ECF No. 24.) In addition, the day after CO Allen filed the motion for summary judgment, the Court entered a notice and order informing Birkley that he was required to "respond to each of the proposed facts by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact." (ECF No. 32 at 1.) The Court also explained that "[i]t is not enough for Birkley to file only a declaration telling his side of the story. Civil L.R. 56(b)(2)(B) requires Birkley to respond to *each* proposed fact." (*Id.*) The Court warned Birkley that if he "does not respond to a proposed fact, the Court will assume that Birkley does not dispute the proposed fact

and will accept the proposed fact as true, regardless of contrary statements in a declaration." (*Id.* at 1–2.)

Despite this clear warning, Birkley did not file a response to CO Allen's proposed findings of fact. Instead, he filed a document titled "objection finding of fact in support to deny defendant summary judgment and rule in plaintiff favor for summary judgment." (ECF No. 43-3.) This filing contains a mixture of factual allegations, legal argument, and case citations. Even though it is sworn like a declaration, it contains information outside of Birkley's personal knowledge. Birkley's filing does not admit or deny CO Allen's proposed findings of fact. The combination of factual allegations and legal argument makes it difficult for CO Allen to respond to any additional facts Birkley proposes and for CO Allen and the Court to determine whether genuine issues of material fact exist.

Even though Birkley is *pro se*, he cannot ignore the rules. Because the additional factual allegations contained in Birkley's filing do not comply with Civil Local Rule 56(b)(2)(B)(ii), the Court will not consider them. *See Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809–10 (7th Cir. 2005) ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with [the local rules], the court chooses to ignore and not consider the additional facts that a litigant has proposed."). In addition, as the Court warned Birkley would happen if he failed to respond to CO Allen's proposed findings of fact, those facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L.R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021)

(same). With these considerations in mind, the Court turns to the substance of the motion for summary judgment.

## BACKGROUND

At all times relevant, Birkley, a Ibri-Hebrew-Jew, was housed at the Milwaukee County Jail. On December 9, 2024, CO Allen was assigned to work in Pod 5A. Correctional officers at the Jail are to complete safety checks and inspections in the pod approximately every 30 minutes to ensure the safety and welfare of all occupants. While conducting her inspections throughout the day, CO Allen noticed what appeared to be extra linen/towels in Birkley's cell. CO Allen was trained to remove extra linens/towels from occupant cells during inspections as a safety measure because such items can be used to flood cells or cover cell windows.

Birkley was not in his cell during the time of the inspection. The light in Birkley's cell was turned off, so CO Allen could not determine the color of the extra linen/towels in his cell before removing them. CO Allen reached into Birkley's cell with her foot and removed three of the four linens/towels in the cell. CO Allen was trained not to enter occupant cells as a safety precaution to avoid the risk of being pushed while inside the cell. Believing the extra linen that she removed from Birkley's cell was dirty or excess linen/towels, she pushed the items under the railing of the upper tier to land on the lower tier for purposes of having them placed in the laundry.

An occupant then approached CO Allen and stated, "Oh my God, you threw out his prayer rug." The Jail uses green towels as prayer rugs. The prayer rugs are identical to the issued bath towels except they are green in color. After realizing the extra linen/towels she removed from Birkley's cell were his prayer rugs, CO Allen went to the gym to apologize and explain to Birkley why she removed the prayer rugs. Birkley became upset and started yelling. CO Allen contacted Sergeant Shanaija Pitts.

CO Allen explained to Sergeant Pitts that she had not recognized the green towels as prayer rugs and she thought they were extra linen, so she placed them in the linen bin. Sergeant Pitts advised CO Allen not to handle prayer rugs moving forward. She instructed Birkley to calm down and informed him that she would address the issue. CO Allen, concerned by Birkley's escalating aggression and the potential for retaliation, physical harm, or a disturbance among the other occupants following the removal of his prayer rugs, directed all occupants to return to their cells.

On the day of the incident, Sergeant Pitts did not see any green towels in the garbage can. Sergeant Pitts contacted Officer Irby, the Religious Program Director, via radio to inform her of the incident and to ask how many prayer rugs an occupant was permitted to have in his cell. Officer Irby responded that occupants are only allowed one prayer rug in their cells and stated that she would have a new prayer rug sent to Pod 5A to replace the prayer rugs removed from Birkley's cell.

Birkley was without a prayer rug for less than five minutes. At the time of the incident, Birkley did not keep a set prayer schedule. He sometimes prayed without a rug and stated that he is still able to pray even when one is not available. On the day of the incident, Birkley intended to pray after he got back from the gym and had taken a shower. He advised that it typically takes him 20 minutes to shower and return to his cell. (ECF No. 35.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The

movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Birkley asserts that CO Allen violated RLUIPA and seeks monetary damages against CO Allen for her purported violations. (*See* ECF No. 1 at 4–5.) The Supreme Court recently held, however, that RLUIPA does not impose damages liability on state actors in their individual capacities without their consent. *Landor v. La. Dep't of Corr. & Pub. Safety*, No. 23-1197, 2026 WL 1791277, at *6 (June 23, 2026). CO Allen has not consented to answer lawsuits under RLUIPA. Therefore, Birkley's RLUIPA claim against CO Allen must be dismissed.

Birkley also asserts that CO Allen violated the Free Exercise Clause of the First Amendment by removing and destroying his prayer rug. The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). To establish a violation of the Free Exercise Clause, a plaintiff must "submit evidence from which a jury could reasonably find that the defendants personally and unjustifiably placed a substantial burden on his religious

practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (citations omitted). A substantial burden is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citation omitted). "An isolated instance that impacts an inmate's religious practice will often be 'de minimis' and 'not of constitutional dimension.'" *Winfrey-Bey v. Shreve*, 733 F. Supp. 3d 673, 683 (C.D. Ill. 2024) (quoting *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999)).

In this case, CO Allen mistakenly removed three of Birkley's prayer rugs form his cell while Birkley was in the gym. CO Allen did not destroy the prayer rugs. Believing the prayer rugs were linens/towels, she used her foot to push them over the upper tier ledge to the lower tier to be laundered. Upon discovery of her error, CO Allen went to the gym to apologize and explain to Birkley why she removed the prayer rugs. CO Allen contacted Sergeant Pitts, who informed Officer Irby of the incident. Officer Irby responded that she would have a new prayer rug sent to Pod 5A to replace the prayer rugs removed from Birkley's cell. Birkley was without a prayer rug for less than five minutes. Birkley does not pray on a fixed schedule, and he concedes that he would have still been able to pray even without the prayer rug. (*See* ECF No. 43-3 at 20 ("Birkley is not arguing he couldn't pray or had no other alternative exercising his right.").) Based on this record, no reasonable jury could conclude that CO Allen placed a substantial burden on Birkley's religious practices. Accordingly, CO Allen is entitled to summary judgment. CO Allen also argues that she is entitled to qualified immunity, but because the Court is granting summary judgment in her favor on the merits, it need not address that argument.

## CONCLUSION

For these reasons, CO Allen's motion for summary judgment (ECF No. 24) is **GRANTED**. Birkley's request that the Court grant summary judgment in his favor (*see* ECF Nos. 38 & 43-3) is **DENIED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin on August 3, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.